## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KELVIN SETTLE, )
)
    Plaintiff, )
)
v. ) No. 4:14-CV-1704-RLW
)
BANK OF AMERICA, N.A., et al., )
)
    Defendants. )
)

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kelvin Settle (registration no. 26754-044), an inmate at Duluth Federal Prison Camp, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.77. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0, and an average monthly balance of $58.87. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.77, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff brings this action against defendants Bank of America, N.A. and Millsap & Singer, P.C., alleging that defendants violated Article 9 of the Uniform Commercial Code ("Article 9"), committed the tort of conversion, and violated the doctrine of accord and satisfaction by selling a parcel of real property in an unauthorized sale despite plaintiff

purportedly holding a "security interest lien" on the property, and exercising dominion and control over the property.

Putting aside for a moment the fact that both Article 9 and the tort of conversion generally apply to personal property, as opposed to real property,[1] and the fact that plaintiff's accord and satisfaction claim is premised on his action in purportedly paying off a principal obligation on his mortgage of approximately \$35,500 by mailing the lender a check for \$470.79 and writing on the back of the check that it constituted payment in full,[2] the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff does not set forth any laws or constitutionally protected rights that defendants allegedly violated. *See* 28 U.S.C. § 1331. Further, plaintiff has not alleged diversity of citizenship and the amount in controversy is unspecified.[3] *See* 28 U.S.C. § 1332.

---

[1] *See* 1A MOPRAC § 25.2 ("Article 9 generally applies to any interest (regardless of its form) in personal property and fixtures, which is created by contract and secures the payment or other performance of an obligation."); *White v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 51119, at \*9 (W.D. Mo. Feb. 12, 2013) (noting that "Article 9 . . . expressly states that it 'does not apply to . . . [t]he creation or transfer of an interest in or lien on real property.'") (quoting Mo. Rev. Stat. § 400.9-109(d)(11)); *Columbia Mut. Ins. Co. v. Long*, 258 S.W.3d 469, 476 (Mo. Ct. App. 2008) ("Missouri cases establish that the tort of conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights.") (internal citation and quotation marks omitted).

[2] Plaintiff argues that "[p]ursuant to the doctrine of accord and satisfaction, where a debtor sends a check and at that time informs the creditor that he intends the check to be consider [sic] full payment then, by the acceptance and cashing of the check, the creditor agrees to the settlement, and cannot therefore seek additional compensation." However, for the doctrine of accord and satisfaction to apply, the tender of the instrument to the claimant must be made in "good faith," and the amount of the claim must be "unliquidated or subject to a bona fide dispute." R.S. Mo. § 400.3-311(a)(i)–(ii). Plaintiff's claim that Bank of America was unresponsive to his communication disputing his mortgage contract agreement based on media reports that Bank of America reached a \$10 billion settlement with Fannie Mae for improper mortgage handling is clearly insufficient to give rise to a set of circumstances in which the doctrine of accord and satisfaction would be applicable.

- 3 -

Further, the *Rooker-Feldman* doctrine provides that a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). This is so because federal district courts "exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Indeed, if a state trial court erred, its judgment is not void, but rather is to be reviewed and corrected by the appropriate state appellate court, and recourse to the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal citations omitted).

Within the Eighth Circuit, the *Rooker-Feldman* doctrine forecloses not only straightforward appeals, but also more indirect attempts by federal plaintiffs to undermine state court decisions. *Lemons v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000). Accordingly, courts are prohibited from exercising jurisdiction over claims that are "inextricably combined" with specific claims already adjudicated in state courts. *See id.* at 492-93. "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" *Id.* at 493 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Plaintiff brought an action in state court seeking to enjoin the sale of the same parcel of property on the same grounds he raises here. *Settle v. Bank of America, et al.*, Case No. 1422-CC09329 (22nd Judicial Circuit, St. Louis City). After holding a hearing, the state court dismissed the action on the defendants' motion.

---

$^3$ Plaintiff makes several references to a $1,000,000 lien on the parcel of real property. However, the documents which plaintiff submitted to evidence the lien refer to plaintiff as both the creditor and debtor, and are largely incomprehensible.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will grant his request for additional time to establish the jurisdictional basis for this action, and will dismiss the action if he fails to properly do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's request for additional time to establish the jurisdictional basis for this action [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall show cause within thirty (30) days of this Order why the Court should not dismiss this action for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 19th day of November, 2014.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE